1
2
3
4               **UNITED STATES DISTRICT COURT**
5                    **DISTRICT OF NEVADA**
6
7    ROBERT HOLMES, III,                )
8                  Plaintiff,           )    Case No. 2:13-cv-01166-GMN-GWF
                                        )
9    vs.                                )    **ORDER**
                                        )
10   DREESEN, *et al.*,                 )    Screening Plaintiff's First
                                        )    Amended Complaint (#13)
11                 Defendants.          )
12   _____/
13
         This matter is before the Court on Plaintiff's First Amended Complaint (#13), filed on April

14   25, 2014.  The Court permitted Plaintiff to pursue this matter in forma pauperis.

15                              **BACKGROUND**

16       Plaintiff Robert Holmes, III is a prisoner at the Southern Desert Correctional Center ("SDCC")

17   in Indian Springs, Nevada.  The named-Defendants are prison officials from SDCC.  This dispute arises

18   from Plaintiff's allegations that Defendants conspired to violate his civil rights by interfering with

19   receipt of his legal mail, thereby denying him access to the courts.

20       This action was initially brought on December 12, 2013, alleging civil rights violations pursuant

21   to 42 U.S.C. § 1983.  After screening, the Court ordered Counts I and II of Plaintiff's complaint to

22   proceed as to defendants Dreesen, Burson, Williams, Garnett, and Smith in their individual capacities.

23   *See Doc. #6.*  Counts I and II included Plaintiff's claims for violations of his First Amendment Right to

24   Receive Mail and his Right to Access to Court.  Plaintiff's claims against the Southern Desert

25   Correctional Center and the defendants in their official capacities were dismissed with prejudice.  *Id.*

26   The action was stayed for ninety days to allow the parties an opportunity to settle their dispute.  A

27   settlement was not reached in this matter.  *See Doc. #10.*  Prior to defendants filing an answer, Plaintiff

28   filed an amended complaint on April 25, 2014.  The Court now screens Plaintiff's Amended Complaint.

## I.      Screening the Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro Se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less

2

stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### A.    State Defendants and Individuals in Their Official Capacity

Plaintiff brings action against the Southern Desert Correctional Center.  Plaintiff also brings this action against defendants in their official capacities.  States are not persons for purposes of § 1983 actions.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  A governmental agency that is an arm of the state is also not a person for purposes of § 1983 actions.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990).  A state's Department of Corrections is an arm of the state, and therefore prison institutions within the Department of Corrections cannot be sued in a § 1983 action for damages.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  Moreover, Eleventh Amendment immunity bars § 1983 actions for damages against state agencies, as well as those where the state itself is named as a defendant, and where state officials are sued in their official capacity.  *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc*., 506 U.S. 139, 144 (1993); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  The District Judge has already dismissed with prejudice the claims against the Southern Desert Correctional Center and defendants in their *official* capacity.  *See Doc. #6.*  Therefore the Court will strike these allegations from the Amended Complaint.  Plaintiff's claims may proceed as to defendants in their individual capacities, however, as set forth below.

3

**B.   Counts I - IV: First Amendment Right to Receive Mail and Access to the Court**

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996).  To establish a violation of this right, a prisoner must establish that he or she has suffered an actual injury. *See Lewis*, 518 U.S. at 349.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *See Lewis*, 518 U.S. at 348.  Furthermore, Prisoners have a First Amendment right to send and receive mail**.** *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995).

Under Count I, Plaintiff alleges that on July 13, 2011, he received mail from the law library at Southern Desert Correctional Center that included an order to show cause from the Nevada Supreme Court, which was post-marked June 22, 2011.  Plaintiff alleges that because his mail was withheld by prison officials until July 13, 2011, he was unable to respond to the order to show cause and his appeal was dismissed.  Under Count II, Plaintiff alleges that on July 19, 2011, he received mail from the Nevada Supreme Court, which was post-marked July 6, 2011.  Under Count III, Plaintiff alleges that on June 4, 2013, he received three pieces of legal mail that the SDCC had in its possession for over three weeks.  Due to the delay, Plaintiff contends his fourteen day period to file a motion for rehearing had run.  Under Count IV, Plaintiff alleges that on April 25, 2013, he received an opposition to his motion for summary judgment that he filed in a breach of contract case.  He contends that the SDCC withheld his mail for over ten days, thereby prejudicing his ability to timely reply and defend his claim. Accepting the allegations as true, Plaintiff states a colorable claim for interference with receipt of his mail and denial of access to the courts.

**C.   Count V: First Amendment Retaliation**

A viable claim of First Amendment retaliation entails five basic elements within the prison context: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2004) (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000)).  "The proper First Amendment inquiry asks 'whether an official's acts would chill or

4

silence a person of ordinary firmness from future First Amendment activities." *Id.* (quoting *Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1300 (9th Cir. 1999)).  A plaintiff need not prove that his privileged conduct was "actually inhibited or suppressed." *Id.* at 569.  Allegations that the plaintiff's First Amendment rights were chilled, though not silenced, are sufficient.  *Id.*

Plaintiff contends that defendants violated his right of access to the Courts by denying his requests to use the prison law library.  Restrictive regulations governing the use of a prison law library do not necessarily deny a prisoner of meaningful access to the courts.  *See Hossman v. Spradline*, 812 F.2d 1019, 1021 (7th Cir. 1987); *see also Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985) (holding that prison officials may regulate the time, manner, and place in which library facilities are used).  Here, however, Plaintiff alleges he was denied access to the prison law library in retaliation for filing prior grievances regarding SDCC's withholding of his legal mail.  The threat of revoking an inmate's access to the law library is compelling and would chill a person of ordinary firmness from continuing to exercise his first amendment rights to receive mail.  Therefore, accepting the allegations as true, the Court finds Plaintiff pled sufficient facts to state a valid First Amendment retaliation claim.

Plaintiff is hereby advised that the amended complaint is the operative complaint in this action and supersedes the prior complaint.  *See Duda v. Board of Ed. of Franklin Park Public School District No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998).  Any matters not set forth in the amended complaint are, in effect, withdrawn.  *Id.*  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff may pursue counts I through V of his 42 U.S.C. § 1983 Civil Rights Complaint against Defendants Dreesen, Burson, Williams, Garnett, and Smith in their individual capacities.

**IT IS FURTHER ORDERED** that  the claims against the Southern Desert Correctional Center and defendants in their *official* capacity be stricken from the Amended Complaint (#13) pursuant to Order (#6).  The District Judge already dismissed these claims with prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other

manner of service should be attempted.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the Complaint was filed.  The Attorney General has accepted service on behalf of Defendants Brian Williams, Francis Dreesen, and Tiffany Garnett.  *See Notice of Acceptance of Service, Doc. #12*.  Defendants Burson and Smith are the remaining unserved Defendants.

**IT IS FURTHER ORDERED** that the Defendants shall have until **June 9, 2014** within which to respond to Plaintiff's Amended Complaint (#13).

DATED this 21st day of May, 2014

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

6