# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT HOLMES, III, | ) | |
| Plaintiff, | ) | Case No. 2:13-cv-01166-GMN-GWF |
| vs. | ) | **ORDER** |
| DREESEN, *et al.*, | ) | Motion to Issue Summons (#17) and Motion to Extend Time to Serve Defendants (#18) |
| Defendants. | ) | |

    This matter comes before the Court on Plaintiff's Motion to Issue Summons (#17) filed on June 6, 2014. Also before the Court is Plaintiff's Motion to Extend Time to Serve Defendants (#18) on June 6, 2014.

    On April 1, 2014, the Attorney General filed its Notice of Acceptance of Service (#12), accepting service on behalf of Defendants Brian Williams, Francis Dreesen, and Tiffany Garnett. On June 6, 2014, Plaintiff filed a Motion to Extend Time (#18) requesting a 120 day extension of time to serve Defendants. Plaintiff also filed a Motion to Issue Summons (#17) to the unserved Defendants. Therein, Plaintiff indicated that Defendant Sheryl Burson no longer worked for the Southern Desert Correctional Center and therefore requested the Court order the Attorney General to provide Defendant Burson's last known address so the Clerk may issue a summons. Plaintiff also requested the Court issue a summons to Defendant Roshanda Smith at the Southern Desert Correctional Center. On June 9, 2014, the Attorney General filed an updated Notice of Acceptance of Service (#19) therein accepting service on behalf of Roshanda Smith.

    Pursuant to Federal Rule of Civil Procedure ("FRCP") 6(b), when an act may or must be done within a specified time, the court may, for good cause, extend the time. Furthermore, Fed. R. Civ. P. 4(m) permits an extension of time for service if the Plaintiff shows good cause. Here,

Plaintiff's Complaint was filed on December 12, 2013.  The starting date for the running of the 120 day period during which a § 1983 complaint is required to be served is the date the original complaint was filed rather than the filing date of an amended complaint. *See* Fed. R. Civ. P. 4(m). Therefore, proof of service was due June 10, 2014.  Because Plaintiff has been diligent in pursuing his case, the Court finds the Plaintiff establishes good cause to grant an extension.  Considering there is only one unserved Defendant, however, the Court finds a 120 day extension of time to be excessive.  Therefore, the Court will grant Plaintiff a 75 day extension to serve the unserved Defendant.

The Court will also order the Attorney General to file an updated Notice of Acceptance, therein indicating whether it can provide the Court with Defendant Burson's last known address under seal, or whether it needs additional information from Plaintiff to determine whether Sheryl Burson is or was ever an NDOC employee.  Because the Attorney General has now accepted service on behalf of Defendant Roshanda Smith, Plaintiff's request to issue a summons to Defendant Smith is moot.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Issue Summons (#17) is **granted** in part and **denied** in part.  Plaintiff's Motion (#17) is granted to the extent that the Court will issue an Order requesting the Attorney General provide an updated Notice of Acceptance.  It is denied to the extent that the Court will not issue a summons to Defendant Roshanda Smith since the request has been rendered moot**.**

**IT IS FURTHER ORDERED** that the Attorney General shall have until **June 30, 2014** to file an updated Notice of Acceptance in accordance with the discussion above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time to Serve Defendants (#18) is **granted**.  Plaintiff shall have until **August 25, 2014** to complete service on Defendant Burson.

DATED this 12th day of June, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge